## JACKSON v. EMMONS.

---

TRESPASS; NUISANCE; STATUTE OF LIMITATIONS.

Where, in an action of trespass, it appears that there were three distinct acts of trespass by the defendant, resulting from blasting operations conducted in the proximity of plaintiff's dwelling house, and resulting

in injury to his house on two occasions, and an injury to his wife on the other occasion, and that two of such acts of trespass are barred by the statute of limitations, including that which resulted in his wife's injury, the case will not be regarded as one of a continuing nuisance, but one of three distinct trespasses upon his property; and the plaintiff will be entitled only to damages for the injuries resulting from the act of trespass not barred by the statute; and testimony as to his wife's injuries will not be admitted.

No. 1455.    Submitted February 14, 1905.    Decided March 7, 1905.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia upon the verdict of a jury in an action of trespass.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. J. J. Waters* for the appellant.

*Mr. Wm. F. Mattingly* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

This cause is a suit at common law for damages resulting from a trespass to property, and it is now here for the third time. On the last appeal to this court, which is found reported in 19 App. D. C. 250, the facts of the case were stated, and need not be here repeated, further than to say that the appellees were engaged in some blasting operations in the neighborhood of Rock Creek, in this city, and in proximity to a little house occupied by the appellant, Robert Jackson, and his family; that these operations, which appear to have been at first conducted without any permission from the municipal authorities, which, however, was afterwards obtained, were carried on somewhat recklessly, and constituted a serious menace to the appellant and his family; that on three several occasions his house was injured by the stones; and that on one of these occasions his wife was struck by a piece of rock and somewhat injured.

The appellant instituted suit in the supreme court of the District; and besides the defense of the general issue, that of the statute of limitations was interposed.   There was also a defense to the effect that the plaintiff did not own the house, and was only a tenant at sufferance or at will.   It was held that he could not recover.   On appeal to this court we held that his owner- ship of the property was such as to entitle him to recover; but that, as two of the three special acts of trespass set out in the declaration were barred by the statute of limitations, he could only recover, if at all, upon the third act of trespass; and we remanded the cause for a new trial upon the issues so defined. That new trial has now been had, and the plaintiff has had ver- dict and judgment rendered in his favor for the whole amount of the damage claimed by him in the declaration to have been done by the third act of trespass.   This verdict and judgment the appellees, George E. Emmons and J. Paul Smith, do not seem to have resisted.   But the plaintiff nevertheless appeals again to this court, on the ground that the action of the appellees was a continuing trespass, and especially on the ground that he should have been allowed to recover for the injury to his wife, which on the previous trial had been shown to have been the result of one of the trespasses barred by the statute of limita- tions.   The verdict and judgment rendered restricted him to the damage done by the third trespass, which he himself, both in his declaration and his proof, specifically stated to have been only $64.21.

The ruling of the trial court was entirely right, and was in full accordance with the opinion of this court on the former ap- peal.   So far as the appellant was concerned, it is very plain that there was no continuing nuisance, but three several, sep- arate, and distinct assaults upon his property, for two of which he was barred from recovery by the statute of limitations, and for the third of which he recovered all he claimed in his declara- tion.   This should be the end of his case.

His main effort during the last trial was to introduce testi- mony as to the injury of his wife, which he concedes to have been the result of the trespass of July 21, which was barred by the

statute of limitations.    The trial court very properly refused to allow the introduction of any such testimony, and we do not deem it necessary to discuss the matter further.

The judgment will be affirmed with costs, and it is so ordered.

*Affirmed.*

A writ of error to the Supreme Court of the United States was allowed March 10, 1905.